UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-05266-JLS-SSC                               Date: August 28, 2024
Title:  Jadd Nabeel Halaby v. BMW Financial Services, N.A., LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles A. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER: (1) DENYING MOTION TO REMAND (Doc. 10); AND (2) DENYING AS MOOT REQUEST FOR LEAVE TO APPEAR TELEPHONICALLY (Doc. 19)**

Before the Court is a Motion to Remand filed by Plaintiff Jadd Nabeel Halaby. (Mot., Doc. 10; Mem., Doc. 10-2.)  Defendant BMW Financial Services, N.A., LLC opposed, and Halaby responded.  (Opp., Doc. 14; Reply, Doc. 17.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for August 30, 2024, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Because the Scheduling Conference set for August 30, 2024, has also been vacated, the Request for Leave of Hovanes Margarian to Appear Telephonically at the hearing is DENIED AS MOOT.  (*See* Scheduling Order, Doc. 20; Request, Doc. 19.)  For the following reasons, the Court DENIES the Motion.

Halaby seeks to remand this action, arguing that the amount-in-controversy threshold is not met for the purposes of establishing diversity jurisdiction.  (Mem. at 6–7.)  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  Halaby argues that because he has dismissed his fraud claims and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05266-JLS-SSC                                       Date: August 28, 2024
Title:  Jadd Nabeel Halaby v. BMW Financial Services, N.A., LLC

no longer seeks punitive damages, his realistic amount of recovery is $22,977.76, and BMW cannot show that the amount-in-controversy requirement is met.  (Mem. at 6.)

But "the amount in controversy is assessed at the time of removal."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).  Halaby dismissed his fraud claim after BMW had already removed the case.  (*See* Request to Dismiss Cause of Action for Fraud and Strike Punitive Damages, Doc. 9.)  Therefore, in assessing the amount in controversy at the time of removal, the Court must consider the amount that Halaby could recover for his fraud claim and for punitive damages.  *See Chavez*, 888 F.3d at 417 ("[W]hen the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction.")  Further, in the prayer for relief in Halaby's Complaint, he seeks $230,398.43 in total damages.  (*See* Compl. at 39, Doc. 1-1.)  Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy."  *Id.* § 1446(c)(2).

Therefore, according to Halaby's own Complaint and the claims that Halaby presented in that Complaint at the time of removal, the amount in controversy exceeds $75,000 and the requirements of diversity jurisdiction are met.  The Motion is DENIED.  To the extent Halaby has now determined that he does not wish to pursue any claim that would cause this action to meet the amount-in-controversy threshold for this Court's jurisdiction, he may seek to dismiss and re-file a more limited complaint in state court, to the extent that course of action remains available to him.

Initials of Deputy Clerk: cr